**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 1, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TARIA BUTLER,

Plaintiff-Appellant,

v.

CITY OF TULSA; JAMES STUMP,
Officer; BILL LAFORTUNE, Mayor,

Defendants-Appellees,

and

DAVE BEEN, Chief of Police,

Defendant.

No. 06-5078
(D.C. No. 03-CV-558-CVE-PJC)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Taria Butler, a prisoner of the State of Oklahoma appearing pro se, appeals from the district court's grant of summary judgment in favor of defendants-appellees in this civil rights suit filed under 42 U.S.C. § 1983.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

On August 13, 2002, at 3:25 a.m., appellee James Stump, a Tulsa police officer, was dispatched to appellant's apartment in response to a 911 domestic violence call from appellant's wife. As noted by the district court, the facts asserted by the parties diverge somewhat. Appellant conceded, however, that as Officer Stump approached appellant's apartment, the door to the apartment was open, appellant was arguing with his wife, he was intoxicated, he held a large knife, he did not drop the knife until after the third time Officer Stump ordered him to, and he ran toward the officer attempting to flee past him in the dimly-lit area outside of the apartment. Officer Stump shot at appellant, hitting him in the upper arm. Appellant ran off but was apprehended nearby and was ultimately charged with and convicted of Assault with a Deadly Weapon and Assault and Battery-Domestic.

The district court determined that Officer Stump was entitled to qualified immunity because it was objectively reasonable on the undisputed facts to believe that appellant was a threat to the safety of the officer and to appellant's wife,

---

[1]     Appellant voluntarily dismissed his suit against Police Chief Been, who is not a party to this appeal.

even if appellant had dropped the knife before Officer Stump shot him.
R., Doc. 51, at 7. The district court accordingly granted summary judgment to Officer Stump and to the other two appellees, the City of Tulsa and Tulsa's mayor, who were sued under the doctrine of respondeat superior. The district court granted appellant's motion for leave to proceed in forma pauperis on appeal.

"We review de novo the grant of a summary judgment motion based on a qualified immunity defense." Phillips v. James, 422 F.3d 1075, 1080 (10th Cir. 2005). Appellant argues on appeal that he dropped the knife, stopped, and then, believing that he would not be shot, took a few steps attempting to flee, and then stopped again. Aplt. Opening Br. at 1. He claims that he had stopped and raised his arms in surrender before Officer Stump shot him, demonstrating that there is a genuine issue of material fact to be tried.

We have carefully reviewed the materials in light of the applicable law and are unpersuaded by appellant's claims of error. "To be constitutionally permissible, an officer's use of force must be reasonable, which is measured 'from the perspective of a reasonable officer on the scene,' recognizing that officers are sometimes 'forced to make split-second judgments' in uncertain and dangerous circumstances." Id. (quoting Graham v. Connor, 490 U.S. 386, 395, 396-97 (1989)). "What may later appear to be unnecessary when reviewed from the comfort of a judge's chambers may nonetheless be reasonable under the circumstances presented to the officer at the time." Id. (citing Graham, 490 U.S.

at 396).  Even under appellant's version of the facts, he threatened to kill his wife, and the time between allegedly dropping the knife, running toward the officer, and being shot was "approximately two seconds."  R., Doc. 33, at 4 ¶ 16. We therefore affirm for substantially the same reasons as those stated in the district court's thorough Opinion and Order dated February 23, 2006.

The judgment of the district court is AFFIRMED.  Appellant is reminded that he remains obligated to continue making partial payments until the filing fee is paid in full.

Entered for the Court

Bobby R. Baldock
Circuit Judge